# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK J. THOMAS, | CASE NO. 1:09-cv-02015-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| STANISLAUS COUNTY, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Derrick J. Thomas, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

## II.    Plaintiff's Claims

### A.    Allegations

Plaintiff is a pretrial detainee incarcerated at the Stanislaus County Jail in Modesto, California. Plaintiff, a maximum security inmate, is permitted to go outside on the rooftop exercise yard for three hours per week, but he is in full restraints, which consist of leg irons and handcuffs enclosed in a black box. Plaintiff is unable to actually exercise due to the restraints and also the lack of proper footwear. Plaintiff further contends he is left on the yard in inclement weather, with the restraints impeding his ability to wear a jacket, which he is provided only after the restraints are in place. Plaintiff alleges he became subject to these conditions on March 12, 2008, and they were still in place at the time this action was filed.

Plaintiff names the Stanislaus County Board of Supervisors the Stanislaus County Sheriff's Department; Sheriff and Coroner Adam Christianson; Gina Leguria, Executive Manager, Policy and Legislative Affairs; Captain William Duncan; Lieutenants Ronald Lloyd and Gregg Clifton; and Sergeant M. White. Plaintiff seeks damages, and declaratory and injunctive relief.

///

///

**B.     Exercise**

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Inmates are protected from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of a claim. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim, Plaintiff must allege facts sufficient to support a claim that jail officials knew of and disregarded a substantial risk of serious harm to his health or safety. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Inmates have a constitutional right to outdoor exercise, and the denial of the opportunity to exercise for, at a minimum, nineteen months is sufficiently serious to satisfy the objective component of Plaintiff's due process claim. Thomas, 611 F.3d at 1151-52. However, Plaintiff must also make a showing as to the subjective element of his claim and he has not done so. Farmer, 511 U.S. at 847; Thomas, 611 F.3d at 1150-51; Richardson, 594 F.3d at 672. Plaintiff's conclusory allegations regarding Defendants' overall, general responsibility for policies and practices fall short of adequately linking any of the named defendants to the existence of a specific policy or practice that was the moving force behind the violations complained of. Iqbal, 129 S.Ct. at 1949-50.

To state a claim against individual jail employees, Plaintiff must allege sufficient facts demonstrating they were personally involved in the conditions complained of, through either their

actions or their omissions. To state a claim against the county, including county officials in their official capacities, Plaintiff must allege sufficient facts showing the existence of a policy or practice that is the moving force behind the conditions complained of.[1,2] A general assertion of policy-making authority is not sufficient to state a plausible claim for relief. Id.

### C. Weather

While inadequate clothing may be sufficient to support a claim under section 1983 in some circumstances, Plaintiff's bare allegations regarding exposure to inclement weather during his time on the yard are insufficient to give rise to a viable claim for relief. Farmer, 511 U.S. at 847; Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2006); Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1995).

### D. Footwear

Plaintiff's conclusory allegation regarding the lack of appropriate footwear is likewise insufficient to support a claim for relief. Plaintiff's allegations fail to show that anyone acted with deliberate indifference to a substantial risk of harm to his health or safety arising from inadequate footwear. Farmer, 511 U.S. at 847; Johnson, 217 F.3d at 731-32.

///

---

[1] A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Conn, 572 F.3d at 1062; Gibson, 290 F.3d at 1185. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).

Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

[2] "An official capacity suit against a municipal officer is equivalent to a suit against the entity." Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff's Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (citing Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985)). Therefore, if Plaintiff is able to amend his complaint to state a claim against both the county and county officials in their official capacities, his official capacity claims will be dismissed as redundant. Center for Bio-Ethical Reform, Inc., 533 F.3d at 799 (citation omitted).

### III. Conclusion and Order

The allegations set forth in Plaintiff's complaint are sufficient to demonstrate that he was denied an adequate opportunity to exercise outdoors, in violation of the Due Process Clause. However, Plaintiff fails to sufficiently link that deprivation to any of the named defendants, and the claim is therefore not cognizable at this juncture. Plaintiff's claims based on the denial of adequate clothing and footwear are also not cognizable, to the extent Plaintiff is attempting to state separate claims based on those allegations. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 17, 2009, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated: February 1, 2011**          /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE