# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK J. THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-02015-AWI-SKO PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Docs. 40 and 41) |

    Plaintiff Derrick J. Thomas, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2009. This matter is set for a telephonic trial confirmation hearing on May 28, 2013, and jury trial on July 9, 2013.

    On April 9, 2013, the Court ordered Plaintiff to show cause why sanctions should not be imposed against him for failing to file a pretrial statement in compliance with the scheduling order filed on October 2, 2012. Plaintiff filed a response on April 29, 2013.

    Federal Rule of Civil Procedure 16(f) authorizes the imposition of sanctions against a party for failing to obey a scheduling order. Fed. R. Civ. P. 16(f); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011).

    In addition, federal courts have the inherent authority to sanction conduct abusive of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercise with restraint and discretion. *Chambers*, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. *Roadway Express, Inc.*

*v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001).  Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, *Vernon*, 255 F.3d at 1134; *Fink*, 239 F.3d at 994, but mere negligence or recklessness will not suffice, *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009).

Plaintiff's explanation that he failed to comply with the scheduling order because he declined to consent to Magistrate Judge jurisdiction and thought another scheduling order would be issued as a result lacks merit.  The scheduling order very clearly set forth the trial confirmation hearing and trial dates before the undersigned, along with other the pretrial filing deadlines; and the parties' decline of Magistrate Judge jurisdiction has no effect on the Magistrate Judge's ability and duty to issue non-dispositive orders, including scheduling orders.  28 U.S.C. § 636(b); Local Rule 302.  Accordingly, the Court does not find that Plaintiff demonstrated good cause for failing to comply with the scheduling order.

However, Plaintiff is entitled to some leniency because he is proceeding pro se, there has been no prejudice to Defendants, and Plaintiff's conduct did not unduly interfere with the Court's ability to manage its docket.  *Dreith*, 648 F.3d at 788; *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008).  Accordingly, the Court finds that Plaintiff's conduct falls short of supporting sanctions against him, and the order to show cause, filed on April 9, 2013, is HEREBY ORDERED DISCHARGED.  Fed. R. Civ. P. 16(f); *Chambers*, 501 U.S. at 43-45.

IT IS SO ORDERED.

Dated:  May 8, 2013

SENIOR DISTRICT JUDGE